Lina Stillman, Esq.
Stillman Legal, P.C.
42 Broadway, 12t Floor
New York, New York 10004
Tel (212) 203-2417
www.stillmanlegalpc.com
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

------------------------------------------- X

FARIDES DE LA PEÑA,
FRANCIA DE LA PEÑA, LUIS
MIGUEL JUANMAYOR
*individually and on behalf of*
*others similarly situated,*

Plaintiffs,

v.

CHOICE HOTELS INTERNATIONAL, INC.(DBA
MAINSTAY SUITES MT. LAUREL -
PHILADELPHIA)

Defendants,

------------------------------------------- X

**Case No:**

**29 U.S.C. § 216(b) COLLECTIVE**
**ACTION & F.R.C.P. 23  CLASS**
**ACTION**

**COMPLAINT**

Plaintiffs FARIDES DE LA PEÑA, FRANCIA DE LA PEÑA, and LUIS MIGUEL

JUANMAYOR (collectively referred to as "The Plaintiffs"), initiate this Action on behalf

of themselves and other employees in comparable positions at Defendants CHOICE

HOTELS INTERNATIONAL, INC.(DBA MAINSTAY SUITES MT. LAUREL -

PHILADELPHIA) (hereafter referred to as "the Defendants"), under the provisions of the

Fair Labor Standards Act ("FLSA"), 29 USC §§ 201 *et seq.* and the New Jersey State

Wage and Hour Law, NJSA §34:11-56 *et seq* ("NJWHL"), with the following allegations:

**INTRODUCTION**

1.      This action is brought by the Plaintiffs, on behalf of themselves as well as

other employees similarly situated, against Defendants for alleged violations of the Federal Labor Standards Act, ("FLSA") 29 U.S.C. § 201 *et seq.* and of the New Jersey State Wage and Hour Law, NJSA §34:11-56 *et seq* ("NJWHL"), arising from Defendants' various willful and unlawful employment policies, patterns and/or practices.

2.      This Complaint seeks to recover unpaid minimum wages and overtime compensation for Plaintiff.

3.      The Plaintiffs are former employees of Defendant CHOICE  HOTELS INTERNATIONAL, INC.(DBA MAINSTAY SUITES MT. LAUREL - PHILADELPHIA), a New Jersey Corporation with headquarters at 450 Century Pkwy, Mt Laurel Township, NJ 08054, employed the Plaintiffs as janitors and housekeepers for Defendants' hotel in New Jersey.

4.       The Plaintiffs were paid $6.32, $8.52, $9.17, and $10 per hour through their employment. They were not paid any overtime despite working more than forty (40) hours per week.

5.      At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring the Plaintiffs and the FLSA collective employees to work more than 40 hours per week without providing them with any additional compensation.

6.      Upon information and belief, Defendants have willfully and intentionally committed widespread violations of the FLSA and NJWHL by engaging in a pattern and practice of failing to pay its employees, including Plaintiff, minimum wage and overtime compensation for all hours worked over forty (40) each workweek.

7.      The Defendants failed to document the total hours worked by the Plaintiffs and other employees in similar positions, particularly the hours worked beyond the

2

standard forty-hour workweek.

8.      Accordingly, the Plaintiffs now bring this Action on behalf of themselves and those other similarly situated individuals for federal and state claims relating to unpaid minimum wages and unpaid overtime wages pursuant to the FLSA, 29 USC §§ 201 et seq., and the NJWHL, NJSA §34:11-56 *et seq.*

9.      The Plaintiffs allege, pursuant to the FLSA, that they are entitled to recover from the Defendants: (1) unpaid overtime wages, (2) unpaid minimum wage, (3) liquidated damages, (4) prejudgment and post-judgment interest; and/or (5) attorneys' fees and costs.

10.     By reason of such willful violations, the Plaintiffs assert they are entitled to recover from the Defendants (1) unpaid overtime wages, (2) unpaid minimum wage, (3) liquidated damages, (4) prejudgment, and post-judgment interest; and/or (5) attorneys' fees and costs, pursuant to the FLSA and NJWHL.

## JURISDICTION AND VENUE

11.     This Court has original federal question jurisdiction over this controversy under 29 U.S.C.§216(b), 28 U.S.C. § 1331, and has supplemental jurisdiction over the New Jersey State Law claims pursuant to 28 U.S.C. § 1367(a).

12.     Venue is proper in the District of New Jersey pursuant to 28 U.S.C. §§ 1391(b) and (c), because Defendants conduct business in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

## PARTIES

### Plaintiff

13.    Plaintiff FARIDES DE LA PEÑA is and was at all times relevant hereto an individual residing in New Jersey.

14.    Plaintiff was employed by Defendant CHOICE HOTELS INTERNATIONAL, INC. (DBA MAINSTAY SUITES MT. LAUREL - PHILADELPHIA), located at 450 Century Pkwy, Mt Laurel Township, NJ 08054, in the capacity of a housekeeper, from approximately January 20, 2024, until September 17, 2024.

15.    At all times relevant hereto, Plaintiff DE LA PEÑA was a covered employee within the meaning of the FLSA and the NJWHL.

16.    Plaintiff FRANCIA DE LA PEÑA is and was at all times relevant hereto an individual residing in New Jersey.

17.    Plaintiff was employed by Defendant CHOICE HOTELS INTERNATIONAL, INC. (DBA MAINSTAY SUITES MT. LAUREL - PHILADELPHIA), located at 450 Century Pkwy, Mt Laurel Township, NJ 08054, in the capacity of a housekeeper, from approximately November 4, 2023, until June 10, 2024.

18.    At all times relevant hereto, Plaintiff DE LA PEÑA was a covered employee within the meaning of the FLSA and the NJWHL.

19.    Plaintiff LUIS MIGUEL JUANMAYOR is and was at all times relevant hereto an individual residing in New Jersey.

20.    Plaintiff was employed by Defendant CHOICE HOTELS INTERNATIONAL, INC. (DBA MAINSTAY SUITES MT. LAUREL - PHILADELPHIA), located at 450 Century Pkwy, Mt Laurel Township, NJ 08054, in the capacity of a janitor, from approximately April 8, 2024, until September 17, 2024.

21.    At all times relevant hereto, Plaintiff JUANMAYOR was a covered employee within the meaning of the FLSA and the NJWHL.

**Defendants**

22.    Defendant CHOICE HOTELS INTERNATIONAL, INC. (DBA MAINSTAY SUITES MT. LAUREL - PHILADELPHIA), upon information and belief, is a duly organized business corporation under the laws of the State of New Jersey, with a place of business located at 450 Century Pkwy, Mt Laurel Township, NJ 08054.

23.    Upon information and belief, Defendant CHOICE HOTELS INTERNATIONAL, INC. (DBA MAINSTAY SUITES MT. LAUREL - PHILADELPHIA) is engaged in interstate commerce, relying heavily on foods and products transported across state lines. It generates annual gross revenues exceeding $500,000, independent of excise taxes, for each year relevant to Plaintiff's claims. The Defendant is a business engaged in interstate commerce with gross sales exceeding Five Hundred Thousand Dollars ($500,000) per year.

24.    Upon information and belief, and at all times relevant to the claims herein, Defendant CHOICE HOTELS INTERNATIONAL, INC. (DBA MAINSTAY SUITES MT. LAUREL - PHILADELPHIA): (i) was referred to as "Boss" by the Plaintiffs and other similarly situated employees; (ii) determined the wages and compensation of its employees, including Plaintiff; and (iii) established work schedules and workload, maintained employee records, and had the authority to hire and fire employees.

25.    In fact, Defendant CHOICE HOTELS INTERNATIONAL, INC. (DBA MAINSTAY SUITES MT. LAUREL - PHILADELPHIA) hired the Plaintiffs, determined their work assignments, workload, and schedule, and calculated their pay, rate of pay, and hours

5

worked.

26.     Defendant CHOICE HOTELS INTERNATIONAL, INC. (DBA MAINSTAY SUITES MT. LAUREL - PHILADELPHIA) acted intentionally and maliciously. It is an employer pursuant to FLSA, 29 U.S.C. §203d, and the regulations promulgated thereunder, 29 C.F.R. §791.2, NJWHL §34:11-4.1, and the regulations thereunder.

## FLSA COLLECTIVE ACTION ALLEGATIONS

27.     The Plaintiffs bring this action individually and on behalf of all other and former non-exempt janitors and housekeepers who have been or were employed by the Defendants for up to the last three (3) years through the entry of judgment in this case (the "Collective Action Period") and who have not compensated at least the overtime compensation for all hours worked in excess of forty (40) hours per week (the "Collective Action Members").

28.     With respect to their NJWHL claims, the Plaintiffs assert the same pursuant to Federal Rules of Civil Procedure ("F. R. C. P.") Rule 23, on behalf of all non-exempt personnel employed by Defendants on or after the date that is two (2) years before the filing of the Complaint in this case as defined herein (the "Class Period").

29.     All said persons, including the plaintiff, are referred to herein as the "Class."

30.     The identities, numbers, and other details of the Class members can be readily ascertained and verified from the records maintained by the Defendants. The hours assigned and worked, the positions held, and the rate of pay for each Class Member are also determinable from the Defendants' records. For the purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under the F.R.C.P

*Numerosity*

31.    The proposed Class is so numerous that the joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, and the facts on which the calculation of the number is presently within the sole control of the Defendants, upon information and belief, there are more than forty (40) members of the class.

*Commonality*

32.    There are questions of law and fact common to the Class which dominate over any questions affecting only individual class members, including:

   a.    Whether Defendant employed the Plaintiffs and the Class within the meaning of the NJWHL;

   b.    Whether the Plaintiffs and Class members are entitled to and paid minimum wage and overtime under the NJWHL;

   c.    Whether Defendants provided a Time of Hire Notice detailing rates of pay and payday at the start of the Plaintiffs and the Rule 23 Class's start of employment and/or timely thereafter;

   d.    At what common rate, or rates subject to the common method of calculation was and are Defendants required to pay the Class members for their work;

*Typicality*

33.    The plaintiff's claims are typical of those that could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay overtime compensation. Defendants' corporate-wide policies and practices affected all Class

members similarly, and Defendants benefited from the same type of unfair and/ or wrongful acts as to each Class member. The plaintiffs and other Class members sustained similar losses, injuries, and damages arising from the same unlawful policies, practices, and procedures.

### Adequacy

34.    The plaintiffs are able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. The plaintiffs are represented by attorneys who are experienced and competent in successfully prosecuting both class action and wage-and-hour employment litigation cases.

### Superiority

35.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual Class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expenses that numerous individual actions engender.  Because the losses, injuries, and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them.  Further, important public interests will be served by addressing the matter as a class action.  The adjudication of individual litigation claims would result in a great expenditure of court and public resources; however, treating the

claims as a class action would result in a significant reduction in these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can and is empowered to, fashion methods to efficiently manage this action as a class action.

36.     Upon information and belief, Defendants and other employers throughout the state violate the NJWHL. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

37.     The Plaintiffs consent to be named a party herein, pursuant to 29 USC § 216(b), and bring these claims based upon the allegations herein as representative parties of a prospective class of similarly situated individuals under 29 USC § 216(b).

## COMMON FACTUAL ALLEGATIONS
### Defendants Constitute Joint Employers

38.     Defendants owned and operated CHOICE  HOTELS INTERNATIONAL, INC.(DBA MAINSTAY SUITES MT. LAUREL - PHILADELPHIA), a corporate entity principally engaged in the hotel services industry. At all relevant times, Defendant CHOICE  HOTELS INTERNATIONAL, INC.(DBA MAINSTAY SUITES MT. LAUREL -

PHILADELPHIA) possessed operational control over Defendant Corporation; possessed an ownership interest in Defendant Corporation and/or controlled significant functions of Defendant Corporation.

39.    As part of its regular business practice, Defendants intentionally, willfully, and repeatedly harmed the Plaintiffs and the other class member employees by engaging in a pattern and/or policy of violating the FLSA. This pattern and/or policy includes, inter alia, the following:

     a.  failing to pay employees the applicable minimum wage and overtime rate for all time worked in excess of forty (40) hours per week;

40.    Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation. Defendants' unlawful conduct has been intentional, willful, and in bad faith, and has caused significant damage to the Plaintiffs and the other class members.

41.    Defendant CHOICE  HOTELS INTERNATIONAL, INC.(DBA MAINSTAY SUITES MT. LAUREL - PHILADELPHIA), acted in the interest of the Defendants with respect to its employees, the rate of and method employee compensation was paid, and shared joint control over their employees.

42.    At relevant times, Defendant CHOICE  HOTELS INTERNATIONAL, INC.(DBA MAINSTAY SUITES MT. LAUREL - PHILADELPHIA) possessed substantial control over the Plaintiffs and other similarly situated employees' working conditions and over the policies and practices with respect to the employment and compensation of the Plaintiffs and all similarly situated individuals referred to herein.

43. Defendant CHOICE HOTELS INTERNATIONAL, INC.(DBA MAINSTAY SUITES MT. LAUREL - PHILADELPHIA) jointly employed the Plaintiffs and all similarly situated individuals and are the Plaintiffs' and all similarly situated individuals' employers within the meaning of 29 USC 201 et seq. and the NJWHL.

44. Defendant CHOICE HOTELS INTERNATIONAL, INC.(DBA MAINSTAY SUITES MT. LAUREL - PHILADELPHIA), constitutes a single employer of the Plaintiffs and/or similarly situated individuals, as any business divisions between them are fictional.

45. At all times relevant hereto, Defendant CHOICE HOTELS INTERNATIONAL, INC.(DBA MAINSTAY SUITES MT. LAUREL - PHILADELPHIA), was Plaintiffs' employer within the meaning of the FLSA, NJWHL, and other applicable laws. Such Defendant had the authority and power to hire and fire the Plaintiffs and other similarly situated employees, control the terms and conditions of their employment, including work assignments and hours, and determine the rate and method of any compensation in exchange for Plaintiffs' services. Indeed, the defendants supervised the plaintiff's work schedule and employment conditions.

46. Defendants are aware of and by law are charged with the knowledge that under the FLSA, Defendants are required to pay employees performing non-exempt duties, including the Plaintiffs and the other class members, overtime pay at a one-and-one-half the regular rate for work in excess of forty (40) hours per work week.

47. At all relevant times, Defendants knowingly and willfully failed to pay the Plaintiffs their lawfully owed wage, at least the lawfully minimum wage, and overtime compensation of one and one-half times (1.5x) their regular rate of pay for all hours worked over forty (40) in a given workweek.

48.    While employed by Defendants, the Plaintiffs were not exempt under federal and state laws requiring employers to pay employees overtime.

49.    Defendants failed to keep full and accurate records of the Plaintiff's hours and wages.

### Plaintiff FARIDES DE LA PEÑA

50.    From on or about January 20, 2024, until September 17, 2024, Plaintiff was employed by Defendants to work as a housekeeper at CHOICE  HOTELS INTERNATIONAL, INC.(DBA MAINSTAY SUITES MT. LAUREL - PHILADELPHIA) located at 450 Century Pkwy, Mt Laurel Township, NJ 08054.

51.    The plaintiff alleges that she worked between five (5) and six (6) days per week, working two daily shifts extending from 9:00 A.M. to 7:00 P.M. Consistently, the plaintiff worked ten (10) hours per day, accumulating approximately sixty (60) hours of work per week. As for rest periods, initially, the plaintiff was allowed to take a thirty (30) minute break; however, for several months, this period was reduced to only ten (10) minutes. The plaintiff's compensation varied according to the days worked: for a five (5) day workweek, she received $460.00, while for a six (6) day workweek, her compensation was $550.00.

52.    The plaintiff was hired through a subcontractor, specifically an individual named "Harry," who is in charge of placing people in hotels to work. During the interview, the hotel supervisor informed the plaintiff that she would receive $550 per week and would be provided with a shared room. It is important to note that the plaintiff and other workers lived at the hotel as interns, and they had to always be available. The hotel paid Harry every Monday, who in turn paid the workers on Wednesdays or weekends.

53.     All the payments were made in cash. From January 20, 2024, until September 17, 2024, Plaintiff was paid $8.52 per hour, the underpayment per week was $509.10, and the total underpayment of that period of time was $17,309. The total amount of unpaid wages is approximately $17,309.

54.     Defendants never paid Plaintiff overtime for those hours she worked beyond forty (40) hours per week.

55.     Defendants did not provide Plaintiff with each payment of wages an accurate statement of wages. They never provided Plaintiff with written notice of her rate of pay, employer's regular payday, and such other information as required.

### Plaintiff FRANCIA DE LA PEÑA

56.     From on or about November 4, 2023, until June 10, 2024, Plaintiff was employed by Defendants to work as a housekeeper at CHOICE  HOTELS INTERNATIONAL, INC.(DBA MAINSTAY SUITES MT. LAUREL - PHILADELPHIA) located at 450 Century Pkwy, Mt Laurel Township, NJ 08054.

57.     The plaintiff worked from Monday to Saturday, completing a six-day workweek. Her daily workday consisted of two shifts, which could be from 8:00 A.M. to 6:00 P.M. or from 9:00 A.M. to 7:00 P.M., resulting in an invariable total of ten (10) hours of work per day. This schedule translated into a sixty (60) hour work week. As for rest periods, initially the plaintiff was allowed to take a thirty (30) minute break; however, for several months, this period was drastically reduced to only ten (10) minutes. Despite the long hours and the significant reduction in rest time, the plaintiff received a fixed compensation of $550 per week, regardless of the overtime hours worked.

58.     The plaintiff was hired through a subcontractor, specifically an individual named "Harry," who is in charge of placing people in hotels to work. During the interview,

the hotel supervisor informed the plaintiff that she would be provided with a shared room. It is important to note that the plaintiff and other workers lived at the hotel as interns, and they had to always be available. The hotel paid Harry every Monday, who in turn paid the workers on Wednesdays or weekends.

59.    All the payments were made in cash. From November 4, 2023, until December 31, 2023, Plaintiff was paid $6.32 per hour, the underpayment per week was $439.10, and the total underpayment of that period of time was $3,512. From January 1, 2024, until June 10, 2024, Plaintiff was paid $9.17 per hour, the underpayment per week was $509.10, and the total underpayment of that period of time was $11,709. The total amount of unpaid wages is approximately $15,222.

60.    Defendants failed to compensate the Plaintiff with overtime wages for the hours worked in excess of forty (40) hours per week.

61.    Defendants failed to furnish the Plaintiff with an accurate wage statement with each payment and neglected to provide written notice detailing the rate of pay, the employer's regular payday, and other requisite information.

**Plaintiff LUIS MIGUEL JUANMAYOR**

62.    From on or about April 8, 2024, until September 17, 2024, Plaintiff was employed by Defendants to work as a janitor at CHOICE  HOTELS INTERNATIONAL, INC.(DBA MAINSTAY SUITES MT. LAUREL - PHILADELPHIA), located at 450 Century Pkwy, Mt Laurel Township, NJ 08054.

63.    The plaintiff provided services for a period of 5 to 6 days per week, working long hours ranging from 9 to 11 hours per day. His working hours typically extended from 8:00 A.M. to 6:00 P.M., or alternatively, from 9:00 A.M. to 7:00 P.M. For these arduous shifts, the plaintiff received a daily remuneration of $100, translating into a weekly income

that fluctuated between $500 and $600, depending on the days worked. It is important to note that, despite the long duration of his shifts, the plaintiff only had a short 10-minute break for food.

64.    The plaintiff was hired through a subcontractor, specifically an individual named "Harry," who is in charge of placing people in hotels to work. During the interview, the hotel supervisor informed the plaintiff that he would be provided with a shared room. It is important to note that the plaintiff and other workers lived at the hotel as interns, and they always had to be available. The hotel paid Harry every Monday, who in turn paid the workers on Wednesdays or weekends.

65.    All the payments were made in cash. From April 8, 2024, until September 17, 2024, Plaintiff was paid $10 per hour, the underpayment per week was $459.10, and the total underpayment of that period of time was $10,559. The total amount of unpaid wages is approximately $10,559.

66.    Defendants never paid Plaintiff overtime for those hours he worked beyond forty (40) hours per week.

67.    Defendants did not provide Plaintiff with each payment of wages an accurate statement of wages and never provided Plaintiff with written notice of his rate of pay, employer's regular payday, and such other information as required.

**Defendants' General Employment Practices**

68.    As part of their regular business practices, Defendants required the Plaintiffs to work without paying the proper minimum and overtime wages required by law.

69.    As part of their regular business practice, Defendants willfully disregarded and purposefully evaded the record-keeping requirements of the FLSA and NJWHL by

intentionally failing to maintain <u>accurate</u> payroll records.

70.     By employing this practice, Defendants avoided paying the Plaintiffs at the overtime rate of time and a half for all of their hours worked in excess of forty (40) hours per week.

71.     Defendants failed to post the statutorily required wage and hour posters and did not provide the Plaintiffs with statutorily required wage and hour records or statements of pay received, in part so as to hide Defendants' violations of the wage and hour laws, and to take advantage of Plaintiff's relative lack of sophistication in wage and hour laws.

72.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours the Plaintiffs worked, and to avoid paying Plaintiff properly for (1) their full hours worked, (2) for overtime due, and (3) minimum wage.

73.     Defendants failed to provide the Plaintiffs and other employees, at the time of hiring and on or before January of each subsequent year, a statement in English and the employee's primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage; the regular payday designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office, a mailing address if different; and the telephone number of the employer, as required by law.

## STATEMENT OF CLAIMS

### COUNT I.
### [Violations of the Fair Labor Standards Act—Minimum Wage and Overtime Wage Brought on behalf of the Plaintiffs and the FLSA Collective]

74.     The Plaintiffs, on behalf of themselves and the other similarly situated class members, re-allege and incorporate by reference all allegations in all preceding paragraphs as though fully set forth herein.

75.     At all times relevant to this action, Defendants were Plaintiff's' employers within the meaning of the Fair Labor Standards Act, 29 USC § 203(d). Defendants had the power to hire and fire the Plaintiffs, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for their employment.

76. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce, and as such constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 USC § 203 (r-s).

77.     The FLSA provides that no employer engaged in commerce shall employ a covered employee for a work week longer than forty (40) hours unless such employee receives compensation for employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he or she is employed, or one and one-half times the minimum wage, whichever is greater. 29 USC §207(a).

78.     The FLSA provides that any employer who violates the provisions of 29 U.S.C. §207 shall be liable to the employees affected in the amount of their unpaid minimum wage and overtime compensation, and in an additional equal amount as liquidated damages. 29 USC §216(b).

79.     Defendants' failure to pay the Plaintiffs and the FLSA Collective their overtime pay violated the FLSA.

80.     At all relevant times, Defendants had, and continue to have, a policy of

practice of refusing to pay minimum wage and overtime compensation at the statutory rate of time and a half to the Plaintiffs and Collective Action Members for all hours worked in excess of forty (40) hours per workweek, which violated and continues to violate the FLSA, 29 U.S.C. §§201, *et seq.*, including 29 U.S.C. §§207(a)(1) and 215(a).

81.    The FLSA and supporting regulations require employers to notify employees of employment law requirements. 29 C.F.R. §516.4.

82.    Defendants willfully failed to notify the Plaintiffs and FLSA Collective of the requirements of the employment laws in order to facilitate their exploitation of Plaintiff's and FLSA Collectives' labor.

83.    Throughout the relevant time period, Plaintiff and the FLSA collective worked in excess of forty (40) hours per workweek.

84.    At all relevant times throughout their employment, Defendants operated under a policy of willfully failing and refusing to pay the Plaintiffs and the FLSA collective one and one-half times the regular hourly rate of pay for work in excess of forty (40) hours per workweek, and willfully failing to keep records required by the FLSA, even though the Plaintiffs and the similarly situated class members were entitled to receive overtime payments, all in violation of 29 USC § 207 (a)(1).

85.    At all relevant times throughout the Plaintiffs and the class members' employment, Defendants willfully, regularly, and repeatedly failed to pay the required overtime rate of one and one-half times their regular hourly rate for hours worked in excess of forty (40) hours per workweek.

86.    Defendant's failure to pay the Plaintiffs overtime compensation was willful within the meaning of 29 USC § 255(a).

87.    Defendants, in violation of the FLSA, failed to pay The Plaintiffs agreed-upon wages by virtue of their withholding policies, time-clock policies, and chargeback policies as described herein.

88.    Defendants failed to satisfy the FLSA's recordkeeping requirements.

89.    Defendants acted willfully in their violations of the FLSA's requirements.

90.    The Plaintiffs and the class members seek damages in the amount of their unpaid overtime compensation, liquidated damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper. The exact amount of damages will be determined at trial.

**COUNT II.**
**[Violation of New Jersey Labor Law—Minimum Wage and Overtime Pay Brought on behalf of the Plaintiffs and Rule 23 Class]**

91.    The Plaintiffs, on behalf of themselves and the other similarly situated class members, re-allege and incorporate by reference all allegations in all preceding paragraphs as though fully set forth herein.

92.    At all relevant times, Defendants had a policy and practice of refusing to pay the minimum wage and overtime compensation to the Plaintiffs at one and one-half times the hourly rate to which the Plaintiffs and the class are entitled.

93.    Defendants' failure to pay the Plaintiffs was not in good faith.

94.    By reason of Defendants' failure to pay the Plaintiffs and the class, the Plaintiffs and Class Members are entitled to recover from Defendants their full unpaid minimum wage and overtime pay, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees and costs and disbursement of the action pursuant to NJWHL §§34:11-56a *et seq*

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiff and Rule 23 Class, respectfully request that this Court enter a judgment providing the following relief: Authorizing the Plaintiffs at the earliest possible time to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have up through the extent allowable under the statute of limitations and including the date of issuance of a court-supervised notice, been employed by Defendants as non-exempt employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of their right to join this lawsuit if they believe they were denied premium overtime wages and minimum wages;

a)  Recognition of this case as a collective action under the Fair Labor Standards Act (FLSA);

b)  Issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing the Plaintiffs and their counsel to represent the Collective Action Members;

c)  A declaratory judgment that the practices in question are unlawful under the Fair Labor Standards Act (FLSA) and New Jersey Wage and Hour Law (NJWHL);

d)  An injunction against Corporate Defendants, its officers, agents, successors, employees, representatives, and any and all persons acting in

concert with them as provided by law, from engaging in each of unlawful

practices and policies set forth herein;

e)   An award of unpaid minimum wages and overtime wages due under FLSA

NJWHL plus compensatory and liquidated damages;

f)   An award of liquidated and/or punitive damages as a result of Defendants'

knowing and willful failure to pay wages at least the minimum wage and

overtime compensation pursuant to 29 U.S.C. §216;

g)   An award of liquidated and/or punitive damages as a result of Defendants'

willful failure to pay minimum wages and overtime compensation, in

accordance with the New Jersey Wage and Hour Law (NJWHL);

h)   An award of costs and expenses of this action together with reasonable

attorneys' and expert fees pursuant to 29 U.S.C. §216(b) and NJWHL;

i)   The costs and disbursements associated with this action;

j)   An award of prejudgment and post-judgment fees; and

k)   Any other legal and equitable relief that this Court deems necessary, just,

and appropriate.

Dated: October 8, 2024

By:   _____
                  Lina Stillman
          **STILLMAN LEGAL P.C**
          42 Broadway, 12th Floor
          New York, New York 10004
          Telephone: (212) 203-2417
          LS@stillmanlegapc.com
          *Attorneys for Plaintiff*